UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| PEGGY MAYS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES MAYS, DECEASED, DAPHNE LANCLOS, BRENT MAYS and JARED MAYS | § | |
| PLAINTIFFS | § | |
| VS. | § | CIVIL ACTION NO. ______________ (JURY) |
| CHEVRON PIPE LINE COMPANY And CHEVRON MIDSTREAM PIPELINES, LLC | § | |
| DEFENDANTS | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

Comes now, PEGGY MAYS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES MAYS, DECEASED, DAPHNE LANCLOS, BRENT MAYS and JARED MAYS, hereinafter referred to as Plaintiffs, complaining of CHEVRON PIPE LINE COMPANY and CHEVRON MIDSTREAM PIPELINES, LLC, and for cause of action would respectfully show the following to the Court:

**A. PARTIES**

1. Plaintiffs are residents of Calcasieu Parish, Louisiana.

2. Defendant CHEVRON PIPE LINE COMPANY is a foreign corporation doing business in the State of Louisiana, and may be served with process by serving its registered agent

for service: PRENTICE-HALL CORPORATION SYSTEM, INC. at 320 Somerulos Street, Baton Rouge, LA 70802-6129.

3. Defendant CHEVRON MIDSTREAM PIPELINES, LLC is a foreign corporation doing business in the State of Louisiana, and may be served with process by serving its registered agent for service: CORPORATION SERVICE COMPANY, 320 Somerulos Street, Baton Rouge, LA 70802-6129.

**B. JURISDICTION AND VENUE**

4. Jurisdiction is proper in this matter pursuant to 28 U.S.C. §1332 in that there exists diversity of citizenship between the parties. These claims are brought pursuant to Louisiana State law as the Court may determine is appropriate under the circumstances.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. James Mays was killed while working off the coast of Vermillion Parish, Lousiana.

**C. FACTS**

6. This case arises out of a September 13, 2014 explosion on a platform owned and/or operated by the Defendants, approximately 2.9 miles offshore, which killed James L. Mays and injured two other workers.

7. The explosion occurred when a worker was attempting to remove a plate from a valve and doing so while the pipeline was pressurized. The valve exploded causing James L. Mays to be struck in the head, knocked off the platform and killed as a result of his grievous injuries.

8. Defendants' personnel were on site and authorized and approved the work being performed by James L. Mays and his co-workers.

9. The valve in question was an old valve and in disrepair. It should have been replaced long ago and/or adequately maintained to prevent it from falling into such a state of disrepair that it could not be safely worked on.

10. Defendants' represented to Plaintiffs that the valve was manufactured by a particular company. James L. Mays and his co-workers relied on this in performing their work on September 13, 2014. Subsequent to this horrific incident, it was learned that Defendants were wrong with regard to the manufacturer of the valve. The valve was manufactured by a different company than the one indicated by Defendants.

11. On September 13, 2014 James L Mays was an employee of Furmanite. The platform was owned and/or operated and controlled by Defendants.

## D. ACTS AND OMISSIONS OF DEFENDANTS

12. A proximate cause of the incident was a result of the following non-exclusive list of omission and/or commissions on the part of the Defendants named herein:

a. Maintaining and creating an unsafe work environment;

b. Failing to properly supervise and/or instruct in the safe method to carry out the work;

c. Failing to enforce and promulgate proper safety procedures;

d. Failing to provide a safe place to work;

e. Failing to exercise reasonable care in the maintenance of a safe work environment;

f. Failing to properly maintain and inspect the platform and valve;

g. Failing to use proper technique, equipment and material;

h. Failing to depressurize the line and/or valve before beginning the work;

i. Failing to notify James L. Mays and his employer of the proper valve on the platform prior to the work being performed; and

j. Other acts of negligence, fault, strict liability that will be shown at the trial of this matter.

**E. DAMAGES**

13. As a result of the negligence, fault and/or strict liability of Defendants, James L. Mays suffered injuries and damages, including, but not limited to the following:

a. A wrongful, tragic and untimely death;

b. Conscious pain and suffering prior to death; and

c. Hedonic damages.

14. As a result of the negligence, fault and/or strict liability of Defendants, Peggy Mays, Daphne Lanclos, Brent Mays and Jared Mays suffer the following injuries and damages, in the past, present and into the future; including, but not limited to:

a. James L. Mays' conscious pain and suffering prior to death;

b. The tragic, untimely and wrongful death of James L. Mays;

c. Hedonic damages;

d. Loss of care, comfort and companionship;

e. Loss of parental nurture;

f. Loss of financial support;

g. Loss of services;

h. Loss of inheritance;

i. Funeral expenses;

j. Loss of nurture, guidance, support, care and instruction;

k. Grief and mental anxiety, bereavement;

l. Loss of consortium, society, love, affection, care, attention, companionship, comfort and protection;

m. Pecuniary loss and damages;

n. Non-pecuniary loss and damages;

o. Pain and suffering ;

p. Loss of enjoyment of life;

q. Loss of past earnings;

r. Loss of anticipated future earnings;

s. Loss of earning capacity;

t. Loss of fringe benefits;

u. Living expenses;

v. Medical expenses;

w. Survival action damages;

x. Wrongful death damages;

y. Interest; and

z. Costs.

WHEREFORE, Plaintiffs pray that after due proceeding and the expiration of legal delays:

1. That Defendants be served with a copy of this petition and be duly cited to appear and answer same;

2. There by judgment rendered in favor of petitioners, Peggy Mays, individually and as personal representative of the estate of James L. Mays, Daphne Lanclos, Brent Mays and Jared Mays against Defendants Chevron Pipe Line Company and Chevron Midstream Pipelines, LLC, jointly, severally, and/or in solido for all damages as are

reasonable in the premises, together with the maximum legal interest thereon from the date of the incident until paid and for all costs of this proceeding;

3. For full, general and equitable relief.

Respectfully submitted,

**BRADLEY, STEELE & PIERCE, LLP**

*/s/ Jill S. Pierce*
Jill Swearingen Pierce
LBA#: 30873
3120 Central Mall Drive
Port Arthur, TX 77642
Tel: (409) 724-6644
Fax: (409) 724-7585

Attorney for Plaintiffs