UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

PEGGY MAYS ET AL.                                   CIVIL ACTION

VERSUS

CHEVRON PIPE LINE CO. ET AL.              NO.: 14-03098-BAJ-CBW

## RULING AND ORDER

Before the Court is Chevron Pipe Line Company's **Motion in Limine (Doc. 161)** to exclude a post-accident investigation report. For the reasons that follow, the **Motion (Doc. 161) is DENIED**.

I. **BACKGROUND**

This wrongful death action arises from a pipeline accident on a drilling platform in Louisiana territorial waters. (Doc. 1). James Mays was killed when components of a pressurized valve dislodged and struck him in the head. (*Id.*). Members of his family sued the pipeline operator, Chevron, for negligence. (*Id.*).

After the accident, Chevron prepared an investigation report. (Doc. 161-2). The report makes factual findings, identifies root causes, and recommends corrective actions. (*Id.*). Chevron moves to exclude the report on the grounds that it contains hearsay and evidence of subsequent remedial measures. (Doc. 161).[1]

---

[1] Chevron also argues that the report contains inadmissible legal conclusions. (Doc. 161-1 at 8). The Court declines to address the argument because it is not fully developed: Chevron does not identify any specific legal conclusion it wishes the Court to exclude. (*Id.*).

1

## II. LEGAL STANDARD

The party objecting to the admissibility of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

### A. Hearsay

Chevron asks the Court to exclude the investigation report because it contains inadmissible hearsay. (Doc. 161-1 at 4). Chevron asserts that its employees prepared the report using information they gathered by interviewing witnesses and reviewing documents. (*Id.*).

Hearsay is generally not admissible. FED. R. EVID. 802. A statement is not hearsay if it is offered against an opposing party and was made by that party in an individual or representative capacity. FED. R. EVID. 801(d)(2). The investigation report is not hearsay because it was made by Chevron and is now offered against Chevron. *See, e.g., Williams v. Asplundh Tree Expert Co.*, No. 3:05-CV-479-J-33, 2006 WL 2868923, at *5 (M.D. Fla. Oct. 6, 2006) (investigation report admissible as a party-opponent admission).

Because Chevron's investigation report is not hearsay when offered against Chevron, the Court denies Chevron's motion to exclude the report on hearsay grounds.[2]

### B. Subsequent Remedial Measures

Chevron asks the Court to exclude the investigation report under Federal Rule of Evidence 407 because it contains evidence of subsequent remedial measures. (Doc. 161-1 at 4-5). Chevron asserts that three sections of the report—sections 6.3, 9.0, and 10.0—recommend actions that it should take to prevent similar accidents. (*Id.*).

Evidence of measures taken that would have made an earlier injury less likely to occur is inadmissible to prove negligence. FED. R. EVID. 407. Rule 407 does not apply to Chevron's investigation report because the report itself is not a measure that would make an injury less likely to occur. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 431 (5th Cir. 2006) (trial court abused its discretion when it excluded post-event investigation report on Rule 407 grounds). So the Court denies Chevron's motion as to the report itself.

The report's recommendations present a separate issue. Courts have split on the question whether Rule 407 applies to recommendations in post-event investigation reports. *See Ponds v. Force Corp.*, No. 16-CV-1935, 2017 WL 67530, at *2 (E.D. La.

---

[2] Chevron cites a non-precedential opinion to support its hearsay argument. *See Chapman v. Ensco Offshore Co.*, 463 F. App'x 276 (5th Cir. 2012) (per curiam). *Chapman* held that a district court did not abuse its discretion when it excluded a post-accident investigation report as hearsay. *Id.* at 279. The *Chapman* court did not analyze the admissibility of the report under Federal Rule of Evidence 801(d)(2); rather, it concluded that the plaintiff-appellant failed to show that the report was admissible as a business record under Federal Rule of Evidence 803(6). *Id.*

3

Jan. 6, 2017) (holding that Rule 407 applies); *Robinson v. Diamond Offshore Mgmt. Co.*, No. 04-CV-1899, 2006 WL 197010, at *3 (E.D. La. Jan. 26, 2006) (holding that Rule 407 does not apply). But the Court need not now take a side: Chevron has not explained whether it actually implemented any of the measures recommended in sections 6.3, 9.0, and 10.0. *Brazos River Auth.*, 469 F.3d at 431 ("Rule 407 prohibits evidence of measures, and those only if *actually implemented*[.]") (emphasis added). *Brazos River Auth.*, 469 F.3d at 431. The Court therefore denies Chevron's motion as to sections 6.3, 9.0, and 10.0 of the investigation report. Chevron is free to re-urge its motion as to the report's recommendation sections if it concludes that the recommended measures were actually implemented.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Chevron Pipe Line Company's **Motion in Limine (Doc. 161) is DENIED.**

Baton Rouge, Louisiana, this 9th day of January, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

4