UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEGGY MAYS ET AL. | CIVIL ACTION |
| VERSUS | |
| CHEVRON PIPE LINE CO. ET AL. | NO.: 14-03098-BAJ-CBW |

## RULING AND ORDER

Before the Court is the **Motion in Limine (Doc. 158)** filed by Chevron Pipe Line Company. For the reasons that follow, the **Motion (Doc. 158)** is **DENIED**.

I. **BACKGROUND**

This dispute arises from a pipeline accident on a drilling platform in Louisiana territorial waters. (Doc. 1). James Mays was killed when components of a pressurized valve dislodged and struck him in the head. (*Id.*). Members of his family sued the pipeline operator, Chevron, for negligence. (*Id.*).

Trial will begin on January 28, 2019. (Doc. 163). After hearing closing arguments and the Court's instructions, the jury must decide if Plaintiffs have proved a substantial nexus between Mays's death and his employer's operations on the outer Continental Shelf. (Doc. 156 at p. 6). If the jury decides Plaintiffs have not proved a substantial nexus, then the jury must render a verdict for Chevron. (*Id.* at p. 1).

Now, Chevron moves the Court to prohibit Plaintiffs from informing the jury of the consequences of the jury's answer to the substantial-nexus question. (Doc. 158).

1

## II. LEGAL STANDARD

The party objecting to the admissibility of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

Chevron asks the Court to prohibit Plaintiffs from informing the jury of the consequences of the jury's answer to the substantial-nexus question, contending disclosure of that information could unfairly prejudice the jury against Chevron. (Doc. 158-1 at p. 2). In support, Chevron cites several out-of-circuit opinions that address whether a jury is entitled to know that a plaintiff is ineligible for workers' compensation benefits. (*Id.*).

The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. FED. R. EVID. 403. Unfair prejudice means "an undue tendency to suggest decision on an improper basis[.]" Advisory Committee Note to FED. R. EVID. 403. The Court has "broad discretion to weigh the relevance, probative value, and prejudice of the evidence in determining its admissibility under Rule 403." *United States v. Allard*, 464 F.3d 529, 534 (5th Cir. 2006).

Exercising that discretion here, the Court finds that Chevron has not shown that it will be unfairly prejudiced if the jury knows that Plaintiffs will take nothing if the jury finds that no substantial nexus exists. The jury is entitled to know the consequence of its answer to the substantial-nexus question. *See Martin v. Texaco,*

*Inc.*, 726 F.2d 207, 216 (5th Cir. 1984); *Porche v. Gulf Miss. Marine Corp.*, 390 F. Supp. 624, 632 (E.D. La. 1975) (Rubin, J.).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Chevron Pipe Line Company's **Motion in Limine (Doc. 158)** is DENIED.

Baton Rouge, Louisiana, this 16th day of January, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**