UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

PEGGY MAYS ET AL.                             CIVIL ACTION

VERSUS

CHEVRON PIPE LINE CO. ET AL.             NO.: 14-03098-BAJ-CBW

## RULING AND ORDER

Before the Court is Chevron Pipe Line Company's **Motion in Limine (Doc. 195)** to limit the testimony of Plaintiffs' economist. For the reasons that follow, the **Motion (Doc. 195)** is **GRANTED**.

### I. BACKGROUND

This dispute arises from a pipeline accident on a drilling platform in Louisiana territorial waters. (Doc. 1). James Mays was killed when components of a pressurized valve dislodged and struck him in the head. (*Id.*). Members of his family sued the pipeline operator, Chevron, for negligence. (*Id.*).

Plaintiffs hired Dr. Anthony Greco to estimate Plaintiffs' economic-loss damages.[1] (Doc. 195). Dr. Greco prepared two economic-loss estimates. (Doc. 195-2 at pp. 4-5). The first uses the United States Department of Labor's work-life expectancy figure and assumes that Mays would have worked to the age of 63.99. (*Id.* at p. 4).

---

[1] Plaintiffs originally retained Dr. Douglas Womack to estimate economic-loss damages. (Doc. 159-4). After Dr. Womack retired, Plaintiffs retained Dr. Greco. (Doc. 191). Plaintiffs represent that Dr. Greco "will offer economic testimony consistent with Dr. Womack's report." (*Id.* at p. 1).

1

The second assumes that Mays would have worked to the full Social Security Administration retirement age of 66.33. (*Id.* at p. 5). Chevron asks the Court to prohibit Dr. Greco from using the second estimate.[2] (Doc. 195).

## II. LEGAL STANDARD

An expert qualified by knowledge, skill, experience, training or education may present opinion testimony if (1) the expert's specialized knowledge will help the jury understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. FED. R. EVID. 702. The party offering expert testimony bears the burden of showing that the testimony is reliable. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016).

## III. DISCUSSION

Chevron asks the Court to prohibit Dr. Greco from offering an economic-loss estimate that assumes Mays would have worked to his full Social Security Administration retirement age of 66.3. (Doc. 159). Chevron argues that any such estimate is irrelevant and unreliable because it does not use the United States Department of Labor's work-life expectancy average of 63.99. (*Id.*). Plaintiffs disagree. (Doc. 171). They rejoin that the basis of any economic-loss estimate is best

---

[2] The Court considers Chevron's motion to be submitted: although Plaintiffs' economist has changed, the challenged assumption—that Mays would have worked to his full Social Security Administration retirement age—has not. The parties have fully briefed the admissibility of an opinion based on that assumption. (Docs. 159, 159-3, 171).

2

addressed on cross-examination, and that trial testimony will support the use of Mays's Social Security Administration retirement age. (*Id.*).

The Court must use Mays's work-life expectancy average to calculate Plaintiffs' damages for Mays's future lost wages, unless evidence supports a variation from that average. *Deperrodil v. Bozovic*, 842 F.3d 352, 361 (5th Cir. 2016). To support a variation, Plaintiffs must show that Mays, "by virtue of his health or occupation or other factors, is likely to live and work a longer . . . period than the average." *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478 (5th Cir. 1984) (Rubin, J.). Testimony that Mays *intended* to work until his full Social Security Administration retirement age will not suffice. *See Barto v. Shore Const., L.L.C.*, 801 F.3d 465, 475 (5th Cir. 2015).

Plaintiffs have not indicated that they will offer evidence at trial—other than testimony from Mays's family members about Mays's intention to continue working until retirement age—to support a variation from Mays's work-life expectancy average of 63.99. (Doc. 171 at p. 3). Because Dr. Greco's second estimate assumes that Mays would have worked to his full Social Security Administration retirement age of 66.33, and because Plaintiffs have not pointed to facts supporting that assumption, Dr. Greco's second estimate is not relevant and will not assist the jury. *See Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996). The Court therefore GRANTS Chevron's motion to limit Dr. Greco's testimony: Dr. Greco shall not offer an economic-loss estimate that is based on the assumption that Mays would have worked to his full Social Security Administration retirement age.

3

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Chevron Pipe Line Company's **Motion in Limine (Doc. 195)** to limit the testimony of Dr. Anthony Greco is **GRANTED**.

**IT IS FURTHER ORDERED** that Chevron Pipe Line Company's **Motion in Limine (Doc. 159)** to limit the testimony of Dr. R. Douglas Womack is **DENIED** as moot.

Baton Rouge, Louisiana, this 16th day of January, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**