UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| PEGGY MAYS ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | |
| CHEVRON PIPE LINE CO. ET AL. | NO.: 14-03098-BAJ-CBW |

## RULING AND ORDER

Before the Court is the **Motion in Limine (Doc. 174)** filed by Plaintiffs. For the reasons that follow, the **Motion (Doc. 174)** is **GRANTED**.

I. **BACKGROUND**

This dispute arises from an accident on a drilling platform in Louisiana territorial waters. (Doc. 1). James Mays was killed when components of a pressurized valve on a pipeline dislodged and struck him in the head. (*Id.*). Members of his family sued the pipeline operator, Chevron, for negligence. (*Id.*). Trial will begin on January 28, 2019. (Doc. 163).

Now, Plaintiffs move to exclude evidence of (1) an OSHA citation issued to Mays's employer, Furmanite America, Inc.; (2) Mays's post-accident blood alcohol content; (3) Longshore and Harbor Workers' Compensation Act (LHWCA) benefits Plaintiffs received; (4) Mays's 2013 car accident; (5) Mays's 2010 transient ischemic attack; and (6) the percentage of time Mays worked offshore or on the outer Continental Shelf (OCS). (Doc. 174).

1

## II. LEGAL STANDARD

The party objecting to the admissibility of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

### A. OSHA Citation

Plaintiffs move to exclude the OSHA citation issued to Furmanite on the ground that the citation is inadmissible hearsay.[1] (Doc. 174-1 at 5). The OSHA citation is hearsay, and hearsay is generally not admissible. *See* FED. R. EVID. 802. But Chevron argues that the citation is admissible as a public record under Federal Rule of Evidence 803(8). (Doc. 183 at 2). The Court disagrees.

A statement of a public office is not barred by the rule against hearsay if the statement contains factual findings from a legally authorized investigation and the statement's opponent does not give the Court reason to question the source's trustworthiness. FED. R. EVID. 803(8).

The OSHA citation does not fall under the public record exception. The citation is non-final, and it contains no "factual findings." *See Williams v. Manitowoc Cranes, LLC*, No. 1:14-CV-383-HSO-JCG, 2016 WL 7666142, at *8 (S.D. Miss. Oct. 7, 2016)

---

[1] Chevron moved to exclude a separate OSHA citation. (Doc. 160). The Court denied the motion without prejudice because Chevron did not submit the OSHA citation for the Court's review. The Court can resolve Plaintiffs' motion to exclude the OSHA citation because Plaintiffs have submitted the citation for the Court's review. (Doc. 174-13).

2

(citing *Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998)). Even if the citation contained factual findings, the Court would conclude that the citation is not admissible because the Court has reason to question the trustworthiness of the information in the citation. *See Lacey v. Arkema Inc.*, No. 3:10-CV-00669-BAJ, 2014 WL 1327792, at *5 (M.D. La. Mar. 31, 2014) (holding that OSHA citation did not qualify as a public record under Federal Rule of Evidence 803(8) due to trustworthiness concerns).

Because the OSHA citation is hearsay not subject to the public record exception, and because Chevron offers no other basis for admitting it, the Court GRANTS Plaintiffs' motion to exclude the citation.[2]

### B. Post-Accident Blood Alcohol Content

Plaintiffs move to exclude evidence that Mays's post-accident blood alcohol content was .025%. (Doc. 174). Plaintiffs argue that the evidence is not relevant without expert testimony to explain it, and that even if it were relevant, its probative value is substantially outweighed by a danger of unfair prejudice.[3] (Doc. 174-1 at 5-6). Chevron rejoins that evidence of Mays's post-accident blood alcohol content is relevant because it shows that Mays violated a Furmanite rule that forbids employees from working with alcohol in their system. (Doc. 183 at 4).

---

[2] Chevron may use the OSHA citation to impeach testimony that Mays or Furmanite followed Furmanite's procedures. *See* FED. R. EVID. 607.

[3] Chevron has not expressed an intention to offer expert testimony to interpret the results of Mays's toxicology report, and Chevron appears to agree that without expert testimony, the results do not show cognitive impairment or any form of comparative fault other than a technical violation of Furmanite's work rule.

3

Evidence is relevant if it has any tendency to make a fact of consequence more probable than it would be without the evidence. FED. R. EVID. 401. Evidence that Mays had a blood alcohol content of .025% when autopsied indicates that Mays may have violated a Furmanite rule prohibiting employees from working when "their body system contains the detectable amount of . . . alcohol." (Doc. 117-1 at 6). And evidence that Mays may have violated a Furmanite work rule has "any tendency" to make comparative fault more probable than it would be without the evidence. FED. R. EVID. 401. Thus, the Court finds that evidence of Mays's post-accident blood alcohol content is marginally relevant.

Although relevant, evidence of Mays's post-accident blood alcohol content may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. FED. R. EVID. 403. Unfair prejudice means "an undue tendency to suggest decision on an improper basis." Advisory Committee Note to FED. R. EVID. 403. The Court has "broad discretion to weigh the relevance, probative value, and prejudice of the evidence in determining its admissibility under Rule 403." *United States v. Allard*, 464 F.3d 529, 534 (5th Cir. 2006).

Exercising that "broad discretion" here, the Court finds that the probative value of evidence of Mays's post-accident blood alcohol content is substantially outweighed by a danger of unfair prejudice. *See* FED. R. EVID. 403. Evidence of Mays's post-accident blood alcohol content is relevant only to show a technical violation of an inelegantly-drafted work rule — a rule that, as written, an employee violates if he arrives on the jobsite after rinsing his mouth with Listerine. (Doc. 117-1 at 7). The

4

potential prejudice is plain: Chevron's failure to marshal expert testimony to interpret the toxicology results would encourage the jury to speculate that Mays was intoxicated at the time of the accident when it is undisputed that he was not. The Court therefore GRANTS Plaintiffs' motion in limine as to evidence of Mays's post-accident blood alcohol content.

### C. Receipt of LHWCA Benefits

Plaintiffs invoke the collateral-source rule and move to exclude evidence that they have received LHWCA benefits. (Doc. 174 at 1). Chevron responds that it "reserves the right" to tell the jury that Plaintiffs have received LHWCA benefits if Plaintiffs tell the jury the reason why Chevron contends it is Mays's statutory employer. (Doc. 183 at 5).

The collateral-source rule bars evidence that a plaintiff has received compensation from a source independent of the tortfeasor. *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994). An exception to the rule allows collateral-source evidence "[i]f there is little likelihood of prejudice and no strong potential for improper use, and a careful qualifying jury instruction is given[.]" *Simmons v. Hoegh Lines*, 784 F.2d 1234, 1237 (5th Cir. 1986).

Plaintiffs' LHWCA benefits qualify as a collateral source because Mays's former employer—Furmanite—paid them. *See Davis*, 18 F.3d at 1244. So the benefits are inadmissible unless Chevron shows "little likelihood of prejudice and no strong potential for improper use." *Simmons*, 784 F.2d at 1237. Because Chevron has not

5

made that showing, the Court GRANTS Plaintiffs' motion in limine as to evidence that Plaintiffs have received LHWCA benefits.

### D. 2013 Car Accident

Plaintiffs move to exclude evidence that Mays was involved in a 2013 car accident, arguing that the evidence is not relevant. (Doc. 174 at 1). Chevron does not oppose. (Doc. 183 at 5). The Court therefore GRANTS Plaintiffs' motion in limine as to Mays's 2013 car accident.

### E. 2010 Transient Ischemic Attack

Plaintiffs move to exclude evidence that Mays suffered a transient ischemic attack in 2010 because the evidence is not relevant. (Doc. 174 at 2). Chevron responds that it will not offer evidence of Mays's transient ischemic attacks if Plaintiffs agree that Mays would have quit working when he reached the retirement age set by the United States Department of Labor's work-life expectancy tables. (Doc. 183 at 6). Because the Court has concluded that the United States Department of Labor's work-life expectancy figures govern, the Court considers Chevron's objection withdrawn and GRANTS Plaintiffs' motion in limine as to Mays's 2010 transient ischemic attack.

### F. Percentage of Time Mays Worked Offshore or on the OCS

Plaintiffs move to exclude evidence of the percentage of time Mays worked offshore or on the OCS. (Doc. 174 at 2). In Plaintiffs' view, that evidence is irrelevant because the substantial-nexus test from *Pac. Operators Offshore, LLP v. Valladolid*, 565 U.S. 207 (2012), focuses on the link between Mays's injury and Chevron's on-OCS

6

extractive operations—not between Mays's employment and the OCS. (*Id.*). Chevron disagrees and cites *Baker v. Dir., Office of Workers' Compensation Programs*, 834 F.3d 542 (5th Cir. 2016), to support its argument. (Doc. 183 at 6-7).

*Baker* arose from off-OCS injuries a carpenter alleged he suffered while building a housing module for his employer. 834 F.3d at 548. Seeking LHWCA coverage, the carpenter argued that the substantial-nexus test was met because the module he was injured while building would eventually be placed on a platform on the OCS. *Id.* The United States Court of Appeals for the Fifth Circuit disagreed and held that the carpenter had not met the test. *Id.* at 549. In so holding, the Court emphasized that the carpenter's employer was not involved in extractive operations on the OCS. *Id.* And the court contrasted the carpenter—whose job was purely land-based—with the plaintiff in *Valladolid*, who spent 98% of his time offshore. *Id.* Chevron points to that contrast and invites the Court to find relevant the percentage of time Mays worked offshore or on the OCS. (Doc. 183 at 6-7).

The Court declines the invitation. The United States Supreme Court adopted the substantial-nexus test to give courts a way to answer the question whether an "injury occur[ed] as the result of operations conducted on the [OCS]." 43 U.S.C. § 1333(3)(b). The test stems from § 1333(b), which "should be interpreted in a manner that focuses on injuries that result from . . . 'operations.'" *Valladolid*, 565 U.S. at 221. So it is the link between the *injury* and the on-OCS operations that counts. *See Id.* Because evidence that Mays worked off the OCS most of the time does not speak to the link between his injury and Chevron's on-OCS operations, it is not relevant and

7

thus not admissible.[4] *See* FED. R. EVID. 401, 402. The Court therefore GRANTS Plaintiffs' motion in limine as to evidence of the percentage of time that Mays worked offshore or on the OCS.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion in Limine (Doc. 174)** is **GRANTED**.

Baton Rouge, Louisiana, this 16th day of January, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[4] *Baker* is not to the contrary. 834 F.3d at 549. There—unlike here—the relevant "employer" was not involved in any extractive operations on the OCS. *Id.* The *Baker* court noted the land-based character of the carpenter's employment only to highlight that non-involvement. *Id.*