# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEGGY MAYS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **CHEVRON PIPE LINE CO. ET AL.** | **NO.: 14-03098-BAJ-CBW** |

## RULING AND ORDER

Before the Court is the **Supplemental Motion in Limine (Doc. 207)** filed by Chevron Pipe Line Company. For the reasons that follow, the **Motion (Doc. 207)** is **GRANTED**.

## I. BACKGROUND

This dispute arises from an accident on a drilling platform in Louisiana territorial waters. (Doc. 1). James Mays was killed when components of a pressurized valve on a pipeline dislodged and struck him in the head. (*Id.*). Members of his family sued the pipeline operator, Chevron, for negligence. (*Id.*).

After investigating the accident, the Occupational Safety and Health Administration (OSHA) issued a citation to Chevron. (Doc. 207-2). Chevron and OSHA settled that citation. (*Id.*). Chevron now moves to exclude the citation as inadmissible hearsay. (Doc. 160; 207).

1

## II. LEGAL STANDARD

The party objecting to the admissibility of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

Chevron argues that the OSHA citation is inadmissible because it is hearsay and unfairly prejudicial. (Doc. 207-1). The Court agrees.

The OSHA citation is hearsay, and hearsay is generally not admissible. *See* FED. R. EVID. 802. The citation does not fall under the public-record exception to the hearsay rule because it is non-final and thus contains no "factual findings." *See* FED. R. EVID. 803(8); *Williams v. Manitowoc Cranes, LLC*, No. 1:14-CV-383-HSO-JCG, 2016 WL 7666142, at *8 (S.D. Miss. Oct. 7, 2016).

Even if the citation contained factual findings, it would not qualify under the public-record exception because the Court has reason to question the trustworthiness of the information in it. *See Lacey v. Arkema Inc.*, No. 3:10-CV-00669-BAJ, 2014 WL 1327792, at *5 (M.D. La. Mar. 31, 2014) (OSHA citation did not qualify as a public record under Federal Rule of Evidence 803(8) due to trustworthiness concerns).

Because the OSHA citation is hearsay not subject to the public-record exception, the Court GRANTS Chevron's motion to exclude the citation.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Chevron Pipe Line Company's **Supplemental Motion in Limine (Doc. 207) is GRANTED**.

Baton Rouge, Louisiana, this 25th day of January, 2019.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**